## FARRELL *v.* DANBURY.

1. APPEAL AND ERROR — BILL OF EXCEPTIONS — SETTING FORTH
   EVIDENCE—SUFFICIENCY.

   Where the trial judge certifies that the bill of exceptions con-
   tains the substance of all testimony given on the trial which
   affects the exceptions noted, the court on error will assume
   that the record contains all the evidence affecting an excep-
   tion as to the sufficiency of the evidence to sustain the find-
   ings, though the testimony is in an abbreviated narrative form.

2. CHATTEL MORTGAGES—RIGHT TO REDEEM—EVIDENCE—SUFFI-
   CIENCY.

   On the issue whether a mortgagor in a chattel mortgage had a
   year in which to redeem from the mortgage, evidence exam-
   ined, and *held*, not to warrant a finding that he had such
   time.

Error to Wexford; Chittenden, J. Submitted June 16,
1905. (Docket No. 34.) Decided July 21, 1905.

Trover by James Farrell against Nicholas V. Danbury.
There was judgment for plaintiff, and defendant brings
error. Reversed.

*F. O. Gaffney*, for appellant.

*E. F. Sawyer*, for appellee.

CARPENTER, J. This is a suit for the conversion of a
horse and buggy. April 22, 1902, plaintiff, who owned
the property in suit, gave to one Robert Garrow a bill of
sale of the same to secure the payment of about $80. A
few days thereafter plaintiff's brother, who was duly
authorized to act for plaintiff, made an arrangement with
defendant whereby defendant paid the loan to Garrow,
and received an assignment from him of the bill of sale.
February 27, 1903, defendant sold said property under an

alleged foreclosure of his bill of sale. Plaintiff claims that this sale was a conversion, because it took place before the expiration of the year in which plaintiff had a right to redeem. The sole dispute in this case is whether plaintiff had a year in which to redeem from said mortgage. The case was tried by the court without a jury, who found as a fact that plaintiff had that right, and therefore rendered a judgment in his favor. Defendant contended in the court below and contends here that there was no evidence in the case warranting said finding. Was there such evidence?

Plaintiff contends that we cannot determine that question on this record, because, the testimony being "in an abbreviated narrative form," we cannot be certain that it is all returned to this court. The trial judge certified that "this bill of exceptions contains the substance of all testimony given upon said trial which in any manner affects the exceptions therein noted." We think we are warranted in saying that no testimony introduced in the court below affecting the exceptions under consideration was omitted from the record. See *Atlas Mining Co.* v. *Johnston*, 23 Mich. 46; *Hitchcock* v. *Burgett*, 38 Mich. 501. We will therefore proceed upon that assumption.

It cannot be said that the agreement under which the defendant advanced the money and took the bill of sale gave plaintiff a year in which to redeem. That agreement was made between defendant and plaintiff's brother, who was authorized to act as plaintiff's agent. The terms of this agreement were known only to defendant and plaintiff's said brother. Said brother did not testify, and defendant was therefore the only witness sworn who had knowledge of that agreement. He testifies that by that agreement plaintiff was to have 30 days, and not a year, in which to redeem. If this testimony of defendant is discredited, there is nothing to show that the original agreement gave plaintiff a year in which to redeem. If it is credited, it certainly did not give him a year. Plaintiff cannot, therefore, base his claim that defendant gave

him a year to redeem upon the agreement under which defendant advanced the money. He must base that claim upon an agreement made between himself and defendant after defendant had advanced it. The only testimony which it can be claimed warrants the inference that such an agreement was made is the testimony of plaintiff himself. He testifies that the defendant, after he had advanced the money and obtained a bill of sale, "said that he and my brother had had some talk to the effect that if I would secure him with a chattel mortgage on the rig, I could have one year's time;" that he (plaintiff) thereupon did execute such a chattel mortgage, and tendered it to defendant; that defendant took it one morning, and said that he would look it over; that the following morning defendant told plaintiff that he would not accept that mortgage, and demanded a mortgage in which plaintiff must redeem within six months; that plaintiff assented to this. Subsequently defendant refused to take any mortgage at all, and insisted on plaintiff at once paying the note which defendant had given to a third party, a Mrs. Alvin, to obtain the money advanced by him for plaintiff; that plaintiff assented to this, but either through the fault of Mrs. Alvin or defendant he was unable to pay this note; that defendant told him that he would keep the rig if the note was not paid, and later—about a week after the chattel mortgage had been received by him—defendant returned the chattel mortgage, which plaintiff accepted. In addition to this, there is testimony of admissions made by defendant respecting the arrangement made with plaintiff. This testimony corroborates plaintiff, but it justifies no inference not warranted by his testimony. We therefore sufficiently dispose of that testimony when we dispose of plaintiff's testimony. The most that can be inferred from plaintiff's testimony is that he and defendant had once agreed that he (plaintiff) should have one year in which to redeem from defendant's bill of sale—which was, in legal effect, a chattel mortgage—and that subsequently plaintiff, at defendant's instance, consented to rescind that

agreement. The voluntary rescission of this agreement placed the parties in the same position that they would have been if the agreement had never been made; that is, their rights were covered by the agreement made between defendant and plaintiff's brother, and, as already pointed out, there is no evidence to show that that agreement was violated by the defendant in making the sale at the time he did. It results from this reasoning that we must sustain defendant's contention that there was no evidence warranting the inference that plaintiff had a year's time in which to redeem from defendant's mortgage.

Judgment reversed, and a new trial ordered.

MOORE, C. J., and GRANT, MONTGOMERY, and OSTRANDER, JJ., concurred.